**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| CLINTON COUNTY, MISSOURI, | |
| Plaintiff, | |
| vs. | Case No.: 4:19-cv-03169-AGF |
| ALLERGAN PLC, *et al*., | Removed from the Circuit Court of the City of St. Louis County, Missouri |
| Defendants. | |

**CLINTON COUNTY'S REPLY IN SUPPORT OF THEIR MOTION TO REMAND**

Plaintiff Clinton County of Missouri ("Clinton County," "County" or "Plaintiff"), by its undersigned counsel and pursuant to 28 U.S.C. § 1447(c), hereby submits this reply in support of its Motion to Remand.

**I.     THIS COURT SHOULD NOT DEFER DETERMINATION OF THE COUNTY'S MOTION FOR REMAND PENDING TRANSFER TO THE MDL**

Contrary to the assertions contained in Walmart, Inc.'s ("Walmart") Opposition to Plaintiff's Motion to Remand ("Motion") (Doc. 16), the fact that the Judicial Panel on Multidistrict Litigation ("JPML") conditionally transferred this case for transfer to the pending Multidistrict Litigation in the Northern District of Ohio in the matter titled *In re: Nat'l Prescription Opiate Litig.*, MDL No. 2804 ("MDL 2804"), does not mean this Court should defer adjudication on the question of subject matter jurisdiction on Clinton County's Motion to Remand.  Quite the opposite.  If this case does not belong in federal court, it most certainly does not belong in the MDL.  The central goal of multidistrict litigation is ***not*** to consolidate all opioid actions in a single court, regardless of whether subject matter jurisdiction exists.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Subject-matter limitations on federal jurisdiction serve institutional interests.  They keep the federal courts within the bounds the Constitution and Congress have prescribed.  Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level.")

Walmart offers no legal basis mandating this Court to defer ruling on Clinton County's Motion and, practically speaking, doing so would unnecessarily prolong the expeditious prosecution of a case that undeniably belongs in state court.  Indeed, the Rules of Procedure of the United States JPML expressly provide that the "pendency of a motion [or] conditional transfer order ... before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."  R.Proc.J.P.M.L., rule 2.1(d).  And, in fact, Missouri District Courts have held that a transferor court need not postpone ruling on pending motions.  This is "especially true where, as here, the pending motion is one for remand and goes to the Court's subject matter jurisdiction."  *Matthews v. Fresenius Med. Care North America, Inc.*, 2014 WL3579941 at *1 (E.D. Mo. July 21, 2014).  See also, *Spears v. Fresenius Medical Care North America, Inc.*, 2013 WL 2643302, at *2 (E.D.Mo. June 12, 2013), *Bluestein v. Fresenius Medical Care North America, Inc.*, 2014 WL 2894996, at *2 (E.D.Mo. Jun. 26, 2014); *McGee v. Fresenius Medical Care North America, Inc.*, 2014 WL 2993755, at *2 (E.D.Mo. July 3, 2014).  Contrary to Walmart's request for this Court to defer a determination on jurisdiction, Missouri courts have observed that "'early resolution might be in the interest of the involved courts and parties'" *Matthews*, *supra*, 2014 WL3579941 at *1. (citation omitted.)

Further, this Court is in the best position to determination subject matter jurisdiction. Indeed, Missouri courts have expressly advised that district courts are "in the best position to determine subject matter jurisdiction, and ***waiting for a decision by the JPML before ruling on the motion to remand 'would not promote the efficient administration of justice*.'"  *Id.* (citation omitted.)  Indeed, this Court's determination on the issue of federal jurisdiction will necessarily overlap with the decision on transfer to the MDL because if this Court does not have jurisdiction on this matter, then presumably neither will the MDL court.

More critically, however, deferring to the JMPL rather than deciding this Motion to Remand, will frustrate justice and result in an unjust and unduly prejudicial delay of Clinton County's case.  There is an indefinite moratorium on Motions to Remand in MDL 2804, per

Judge Polster's February 6, 2018 Order Regarding Remands.  (*In re Nat'l Prescription Opiate Litig.*, 1:17-md-02804-DAP, Doc. 130.)  A true and correct copy of the Order is attached hereto as **Exhibit 1**.

Despite Clinton County's complaint involving solely state law claims, delay of a determination on **this** Motion to Remand almost certainly will lead to transfer to MDL 2804. Clinton County is aware of at least 12 cities and counties whose cases involving purely state law claims that were first removed and then stayed pending transfer by the JPML even though motions to remand were pending.  Since the stays were first entered, their remand motions have remained pending for between 14 and 24 months.[1]  *Cf. Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (acknowledging other circuit courts have found that 18-month delays are "sufficient to place the plaintiffs effectively out of court").

As here, where no federal jurisdiction exists, transfer undoubtedly will result in significant delay of Clinton County's ability to prosecute its state law claims in the appropriate

---

[1] The County is aware of at the following cases which have been languishing before the JPML pending determination on transfer:  *City of Paterson v. Purdue Pharma L.P., et al.*, 2:17-cv-13433/1:18-op-45371-DAP (determination on transfer still pending despite Order of MDL Panel transferring case to the MDL on April 6, 2018);  *County of San Mateo v. McKesson Corporation, et al.*, 3:18-cv-04535/1:18-op-45966-DAP (motion to remand pending since before transfer order dated December 10, 2018 ); *City of Atlanta v. Purdue Pharma L.P., et al.*, 1:18-cv-03508/1:17-md-02804-DAP (conditional transfer order dated December 10, 2018); *City of Jacksonville v. Purdue Pharma, L.P., et al.*, 3:18-cv-00751/1:17-md-02804-DAP (transfer order dated October 3, 2018);  *County of Hudson v. Purdue Pharma L.P., et al.*, 2:18-cv-09029/1:18-op-45937-DAP (transfer order dated August 7, 2018); *Village of Melrose Park et al v. McKesson Corporation, et al.*, 1:18-cv-05288/1:18-op-46312-DAP (transfer order dated December 10, 2018); *Board of County Commissioners of Delaware County, State of Oklahoma v. Purdue Pharma, L.P. et al.*, 4:18-cv-00460/1:18-op-46321-DAP (transfer order dated December 10, 2018); *City of Portland v. Purdue Pharma L.P., et al.*, 2:18-cv-00282/1:18-op-46313-DAP (transfer order dated December 10, 2018); *City of Lewiston v. Purdue Pharma L.P., et al.*, 2:18-cv-00310/1:18-op-46315-DAP (transfer order dated December 10, 2018); *City of Bangor v. Purdue Pharma L.P., et al.*, 1:18-cv-00298/1:18-op-46314-DAP 1:18-cv-00298*; Board of County Commissioners of Osage County, State of Oklahoma v. Purdue Pharma, L.P. et al.*, 4:18-cv-00461/1:18-op-46322-DAP (transfer order dated December 10, 2018); *Board of County Commissioners of Pawnee County, State of Oklahoma v. Purdue Pharma, L.P. et al.*, 4:18-cv-00459/1:18-op-46320-DAP (transfer order dated December 10, 2018).

Missouri forum ***because no decision on Clinton County's Motion for Remand will issue from the Opioid MDL for years, if ever***.

In the absence of legal authority that would support, let alone mandate, that this Court defer to the JPML on the jurisdictional issue, Walmart instead posits that deferring a ruling on jurisdiction would "promote the purpose of multi-district litigation – to conserve judicial resources and ensure consistency in rulings." (Opp., at 4.)   To the contrary, the framework proposed by Walmart would, in fact, result in judicial inefficiency and prejudice the County's ability to timely prosecute its claims against the named defendants for their role in creating a public health crisis in the County.  Walmart's proposal would result in this case languishing, pending the matter being "taken up at one of the JPML's upcoming hearing sessions" and then "[o]nce transferred, the Opiate MDL will decide whether this case … should remain in federal court or should be remanded." (Opp. at 4.)  Walmart promotes this inefficient process because doing so will relegate the County's claims to litigation purgatory along with claims by multiple other municipalities whose cases have been removed while awaiting a determination on pending motions for remand ***for years***.  Permitting this case to sit in limbo for an indeterminate period of time would not promote efficiency, particularly when this Court has jurisdiction to render a determination on an issue now fully briefed by the parties.  Moreover, the concern regarding consistent rulings is a fabrication.  As Walmart well knows – and as set forth in the County's Motion – scores of courts have already ruled in favor of remanding state-based claims like the County's relating to the opioid crisis.

Walmart fails to cite any legal authority for the proposition that this Court cannot rule on the County's Motion to Remand, and should instead defer to the JPML.  In fact, Walmart asks this Court to refrain from exercising its authority to decide the merits of the Motion to Remand while the conditional transfer order is pending, ***in direct contravention*** of the Panel Rules of the JPML.  R.Proc.J.P.M.L., rule 2.1(d).  The County submits that judicial economy and efficiency would best be served by the Court ruling on the County's Motion to allow this case to proceed, as it should, before the Circuit Court of the City of St. Louis.

## II.    SUMMARY OF ARGUMENT IN SUPPORT OF REMAND

In its Opposition to the County's Motion, Walmart recycles arguments already rejected by District Courts throughout this country, claiming that federal question jurisdiction applies to the County's purely state and common law claims.  The Opposition fails as a matter of fact and law because the entirety of Walmart's Opposition rests on the erroneous premise that the County's claims rely on the federal Controlled Substances Act ("CSA") to establish a basis for relief.  In fact, the County's Complaint relies exclusively on state and common law.  Indeed, nowhere does the Complaint reference the CSA.

Even if the Complaint asserted claims pursuant to the CSA – which is does not – federal jurisdiction would still not exist because, as held by the overwhelming majority of courts that have addressed *this exact same argument*, reference or even express invocation of the CSA does not establish federal jurisdiction.  Contrary to law, and without responding to or countering Plaintiff's legal authority in favor of remand, Walmart claims simply that mere reference to the CSA acts as a password to open the doors to federal question jurisdiction.  But, as the Supreme Court has held, "a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation" does not create federal question jurisdiction.  *Merrell Dow Pharm. v. Thompson*, 478 U.S. 804, 817 (1986).  The County could not assert a claim under the CSA because courts have uniformly held that there is no private right of action under federal law to enforced alleged violations of the CSA.  *E.g.*, *Zink v. Lombardi*, 783 F.3d 1089, 1113 (8th Cir. 2015) (noting that there is no private right of action under federal law to enforce alleged violations of the CSA).

The Complaint seeks no relief under federal law pursuant to the CSA or otherwise.  Each of the County's seven causes of action arise under Missouri law, and every element that the County must establish to prove those causes of action derive solely from and depend solely upon state or common law.  That being the case, there is no federal question at issue in the Complaint and this Court lacks subject matter jurisdiction over this case.

Having failed to counter that federal question jurisdiction does not apply, Walmart claims, without basis, that if this case were to proceed to the JPML and await a determination on the Motion, any delay would be "minimal."  Not so.  Indeed, as set forth in Section I, *infra*, motions seeking remand brought by local municipalities have been benched for months, and in some instances, *years*, while waiting for a decision.  In short, Walmart asks this Court to relegate this case to litigation purgatory while the County continues to bear the heavy burden on the public welfare and public funds to address a health epidemic caused by Walmart and the other defendants.  The Court should not entertain the request.

 For all the reasons discussed in the Motion and herein, this Court should decline to defer a determination on the Motion and should remand this matter back to the Circuit Court where this case belongs.

III.     **WALMART FAILS TO SATISFY ITS SUBSTANTIAL BURDEN TO ESTABLISH THAT THE COMPLAINT RAISES FEDERAL QUESTION JURISDICTION**

Walmart stakes its claim of federal question jurisdiction on the unremarkable fact that Defendants have an obligation to adhere to Missouri's Narcotic Drug Act which parrots certain requirements under the federal Controlled Substances Act ("CSA").  The argument never gets off the starting block because the entire argument is premised on the erroneous notion that the County's claims require interpretation or enforcement of the CSA when they do not.  In the first instance, the Complaint nowhere references the CSA.  That the Missouri statutes mimic certain requirements of the CSA does not thereby mandate interpretation of federal law.  But even if the Complaint relied on the CSA as one of the bases to assert a claim, which it does not, District Courts throughout this country have rejected the exact same argument advanced by Walmart that reference to the CSA somehow raises a federal question mandating federal jurisdiction.[2]

_____

[2] As noted in the Motion, this Court would not be in a unique position by rejecting the very same argument Walmart makes here.  In fact, such a ruling would be consistent with the determinations of many other District Courts addressing the same issue.  See, e.g*., New Mexico, ex rel. Balderas v. Purdue Pharma L.P*., 323 F.Supp.3d 1242 (2018) (granting remand on the

***Walmart notably fails to cite a single case where a court has held that a state-based claim citing to or implicating the CSA invokes federal question jurisdiction***.  The omission is glaring and underscores Walmart's inability to articulate a valid legal basis for this Court to deviate from the overwhelming trend of courts that have held that claims like the County's do not raise federal question jurisdiction.  No doubt, Walmart would have proffered supporting authority if it was available.  Because there is no legal basis to find that the County's state based claims asset a question mandating the exercise of federal jurisdiction, this Court should remand this case to the Circuit Court.

Walmart's entire argument in support of federal question jurisdiction consists of a recitation of conclusory statements that the CSA inherently raises federal jurisdiction without any supporting case law or other legal authority.  The tactic fails because bald self-serving statements cannot refute the overwhelming legal authority to the contrary.  Indeed, the County is unable to find a single case where a court has held that a state claim implicating the CSA (which the Complaint does not do) satisfies the four-prong test articulated in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005).  In fact, *all* of the cases discussing the *Grable* standard vis-à-vis claims potentially involving the CSA support the County's position that its claims do not invoke federal jurisdiction.[3]  And significantly, Judge Polster remanded a case where the removing defendant made the exact same argument that

grounds that complaint did not plead federal cause of action under the CSA); *Delaware ex rel. Denn v. Purdue Pharma, L.P.*, No. 1:18-383-RGA, 2018 WL 1942363 at *4-5 (D. Del., April 25, 2018) (granting remand even where complaint asserted defendant's conduct spurred the opioid crisis by, among other things, violating the CSA); *City of Worchester v. Purdue Pharma, L.P.*, No. 4:18-cv-11958 (D. Mass., Nov. 21, 2018) (remand proper because while complaint relied on an alleged violation of the CSA, the reference was simply to evidence common law negligence); *Tucson Medical Center v. Purdue Pharma, L.P.*, No. CV-18-00532, 2018 WL 6629659 at *3-4 (D. Ariz. Dec. 19, 2018) (remanded based on court's express reliance on the reasoning in *City of Worchester*, *supra*); *State of West Virginia ex rel. Morrisey v. McKesson Corp.*, No. 16-1772, 2017 WL 357307 at * 6 and 8-9.

[3] The following cases are in addition to the decisions on remand cited in the Motion and noted in footnote 8 herein.

Walmart advances here.  *In re Nat'l Prescription Opiate Litig.*, 1:17-MD-2804, 2019 WL 180246, at \*1 (N.D. Ohio Jan. 14, 2019).  There, Kentucky filed a claim asserting state-based and common law claims including, among other things, public nuisance, negligence, and fraud. Removing defendant Walgreens asserted that the complaint invoked federal jurisdiction because the legal duties that Walgreens is alleged to have violated 'arise ***only*** under the federal [CSA] and its implementing regulations.'"  *Id* (emphasis in original).  Rejecting Walgreens' argument and granting remand, Judge Polster cited, among other cases, *New Mexico ex rel. Balderas*, *supra*, and reiterated that, "'While a determination of a duty and violation of that duty under the FCSA will likely occur in examining Plaintiff's claims, so also will examination of [state] common law, statutes, and promulgated rules … to the extent, if any, that Plaintiff's claims are 'partially predicated on federal law, federal law would still not be necessarily raised.'"  *In re Nat'l Prescription Opiate Litig.*, *supra*, 2019 WL 180246, at \*2 (quoting *New Mexico ex rel. Balderas*, *supra*, 323 F. Supp. 3d at 1252).

There is no reason the County should have to wait months, if not years, for Judge Polster to reach the same conclusion in this case when this Court can, consistent with countless other courts, find that remand is appropriate given that claims under the CSA (which the Complaint does not rely upon) does not open the door to federal jurisdiction:

- *County of Anderson v. Rite Aid of S.C., Inc.*, No. 8:18-CV-1947, 2018 WL 8800188, at \*1 (D.S.C. Aug. 20, 2018) (finding *Grable* jurisdiction did not exist and holding that CSA-related issues were not necessarily raised because plaintiff's state-law claims cited non-CSA bases for liability; such claims did not satisfy the "substantial" prong because defendant's compliance with the CSA is fact-bound and situation-specific. As a result, the claims could not be resolved by a federal court without disrupting the federal-state balance because "[s]tates…have a strong interest in ensuring that highly addictive prescription opioid medications are not marketed or disputed among their citizens in a negligent or fraudulent manner");

- *Weber County, Utah v. Purdue Pharma, L.P.*, No. 1:18-CV-00089, 2018 WL 3747846, at *1 (D. Utah Aug. 7, 2018) (holding CSA issues were disputed, but nonetheless did not satisfy the "necessarily raised" prong of *Grable*, and did not satisfy the "substantial" prong.  Held, a federal court could not exercise jurisdiction without disrupting the federal-state balance);

- *Uintah County, Utah v. Purdue Pharma, L.P.*, No. 2:18-CV-00585, 2018 WL 3747847, at *1 (D. Utah Aug. 7, 2018) (holding CSA issues were not necessarily raised, not disputed, not substantial and could not be resolved by a federal court without disrupting the federal-state balance);

- *Brown v. Endo Pharmaceuticals, Inc.*, 38 F. Supp. 3d 1312 (S.D. Ala. 2014) (holding CSA issues were not necessarily raised and not substantial under *Grable*);

- *Illinois Pub. Risk Fund v. Purdue Pharma L.P.*, No. 19 C 3210, 2019 WL 3080929, at *1 (N.D. Ill. July 15, 2019) (holding CSA issues were not necessarily raised, not substantial, and could not be resolved by a federal court without disrupting the federal-state balance);

- *City of Granite City, IL v. AmerisourceBergen Drug Corp.*, No. 18-CV-1367, 2018 WL 3408126, at *1 (S.D. Ill. July 13, 2018) (finding *Grable* jurisdiction improper under CSA given that plaintiff's well-pleaded complaint contained purely state-law claims);

- *Humana Inc. v. Celgene Corp.*, No. 7:18-CV-64, 2019 WL 1421151, at *1 (E.D. Ky. Mar. 29, 2019) (finding it "unclear" whether CSA issues were necessarily raised, but nevertheless remanding and finding that such issues were not disputed, not substantial, and could not be resolved by a federal court without disrupting the federal-state balance);

- *Peckens v. Rite Aid of W. Virginia, Inc.*, 24 A.D. Cases 1695 (N.D.W. Va. July 19, 2011) (holding CSA issues were not necessarily raised, not substantial, and could not be resolved by a federal court without disrupting the federal-state balance);

- *Welch v. Atmore Cmty. Hosp.*, No. CV 16-00618, 2017 WL 889557, at *1 (S.D. Ala. Feb. 17, 2017) (finding *Grable* jurisdiction improper under CSA given that plaintiff's well-pleaded complaint contained purely state-law claims);

- *Tucson Med. Ctr. v. Purdue Pharma LP*, No. CV-18-00532-TUC-RCC, 2018 WL 6629659, at *1 (D. Ariz. Dec. 19, 2018) (granting remand and finding *Grable* jurisdiction was improper based on plaintiff's submission of supplemental authority, namely the "sound reasoning" of the order granting remand in *City of Worcester v. Purdue et al*, No. 4:18-cv-11958 (D. Mass Nov. 21, 2018);

- *City of Worcester v. Purdue Pharma et al.*, No. 4:18-cv-11958 (D. Mass. Nov. 21, 2018) (granting remand of plaintiff's action and finding *Grable* jurisdiction was improper because CSA was not necessarily raised);

- *County of Kern v. Purdue Pharma L.P.*, No. 1:19CV-00557, 2019 WL 3310668, at *1 (E.D. Cal. July 23, 2019) (remanding and holding *Grable* jurisdiction was improper because CSA issues were not necessarily raised, as plaintiff included cites to CSA and other federal regulations merely as background information and plaintiff's state-law claims could be resolved without a determination regarding the CSA);

- *Dunaway v. Purdue Pharma L.P.*, 391 F. Supp. 3d 802 (M.D. Tenn. 2019) (holding *Grable* jurisdiction did not exist, finding CSA issues were not necessarily raised in plaintiff's state-law claims which articulated alternative bases for liability not premised on the CSA.).

The overwhelming legal authority mandates remand because claims such as the County's do not invoke federal question jurisdiction due to mere reference to the CSA (which the Complaint does not reference or rely upon).  Walmart does not offer any reason why this case differs in any respect.  Indeed, Walmart does not address at all any of the cases cited in the Motion where the courts have remanded similar claims, even those expressly citing to the CSA. In the absence of any, let alone compelling, legal authority supporting removal of the County's state-based claims, this Court should follow the multitude of courts that have found that remand is proper.

## IV.     CONCLUSION

For the foregoing reasons, the County respectfully asks this Court to remand this case to the Circuit Court of the City of St. Louis so the County can proceed with the prosecution of its case against all Defendants in the proper forum.

Dated: January 15, 2020

Respectfully submitted,

*/s/ John F. Edgar*
John F. Edgar            # 47128 (MO)
**EDGAR LAW FIRM LLC**
2600 Grand Blvd., Suite 440
Kansas City, Missouri 64108
Ph:              (816) 531-0033
Facsimile:      (816) 531-3322
jfe@edgarlawfirm.com

Terry L. Pabst          #37187(MO)
**EDGAR LAW FIRM LLC**
950 Francis Place, Ste. 107
St. Louis, Missouri 63105
Telephone: (314) 812-8780
Facsimile: (314) 725-0912
tpabst@webpabstlaw.com

Jeff Reeves (*pro hac vice*)
Cheryl Priest Ainsworth (*pro hac vice*)
Kevin N. Royer (*pro hac vice*)
**THEODORA ORINGHER PC**
535 Anton Blvd., Ninth Floor
Costa Mesa, California 92626
Telephone: (714) 549-6200
Facsimile: (714) 549-6201
jreeves@tocounsel.com
cainsworth@tocounsel.com
kroyer@tocounsel.com

*Attorneys for Plaintiff, Clinton County, Missouri*

## CERTIFICATE OF SERVICE

   I hereby certify that on January 15, 2020, I filed the foregoing ***Clinton County's Reply in Support of Their Motion to Remand with Exhibit 1*** with the Court's CM/ECF system, which will serve notice of the same to all counsel of record.

              */s/ John F. Edgar*
              *Attorney for Plaintiff, Ray County, Missouri*